IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROBERT COX,

    Plaintiff,

v.                                                                                                   No. CIV 09-0576 JB/GBW

MICHAEL HEREDIA,
GERMAN FRANCO,
JAMES KACZMAREK,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule12(b)(6) of the Federal Rules of Civil Procedure, to review Plaintiff Robert Cox's civil rights Complaint filed on June 10, 2009. Cox is incarcerated, appears pro se, and is proceeding in forma pauperis.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). In reviewing Cox's pro se Complaint, the Court applies the same legal standards applicable to pleadings that counsel drafts, but liberally construes the allegations. *See Northington v. Jackson*,

973 F.2d 1518, 1520-21 (10th Cir. 1992).

The Complaint alleges that a floor-mounted stool in Cox's assigned cell did not have a seat. To sit and eat his meals, Cox found it necessary to use a temporary seat on the base of the stool. Approximately six months after he began using these temporary seats, a seat shifted, and he fell to the concrete floor. Cox alleges that he suffered injuries to his spine and back in the fall. He asserts that the Defendants' indifference to inmates' health and safety caused his injuries. The Complaint seeks damages.

The Court may not grant relief on Cox's allegations against Defendants Michael Heredia, the warden, and German Franco, the deputy warden. The Complaint contains no allegations against Heredia and Franco affirmatively linking them to the asserted violations. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). To succeed on a complaint under § 1983, Cox must allege some personal involvement by Defendants in the events giving rise to a claim. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). A plaintiff may not base a civil rights action against a state official solely on a theory of respondeat superior liability for the actions of workers that the official supervises. *See id.* "[A] plaintiff must establish that the supervisor acted knowingly or with "deliberate indifference" that a constitutional violation would occur." *Serna v. Colorado Department of Corrections*, 455 F.3d 1146, 1151 (10th Cir. 2006) (quoting *Green v. Branson*, 108 F.3d 1296, 1302 (10th Cir. 1997)). The Court will dismiss Cox's claims against these Defendants.

**IT IS THEREFORE ORDERED** that Plaintiff Cox's claims against Defendants Heredia and Franco are dismissed with prejudice, and Defendants Heredia and Franco are dismissed as parties to this action;

**IT IS FURTHER ORDERED** that the Clerk is directed to issue notice and waiver of service forms, with a copy of the Complaint (Doc. 5), for Defendant James Kaczmarek.

_____
UNITED STATES DISTRICT JUDGE