IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROBERT COX,

        Plaintiff,

v.                                                    CIV 09–0576 JB/GBW

JAMES KACZMAREK,

        Defendant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on Defendant Kaczmarek's Motion to Dismiss, and *Martinez* Report, both filed on March 25, 2010. *Docs. 22 &23.* Plaintiff Cox filed his Response on April 28, 2010. *Doc. 25.* This case was referred to me on June 12, 2009, to submit proposed findings of fact and recommendation for the disposition of the case pursuant to 28 U.S.C. §636(b)(1). *Doc. 4.* Having considered the pleadings and the relevant law, the Court recommends that Mr. Cox' Complaint be dismissed with prejudice for failure to state a claim upon which relief can be granted.

### BACKGROUND

Mr. Cox, who is incarcerated at Southern New Mexico Correction Facility (SNMCF), filed this civil rights action pursuant to 42 U.S.C. § 1983 on June 10, 2009. *Doc. 5.* Mr. Cox is proceeding *pro se* and *in forma pauperis.* He alleges that a floor-mounted stool in his

assigned cell did not have a seat. *Doc. 5* at 7. To sit and eat his meals, Mr. Cox found it necessary to use a temporary seat on the base of the stool. *Id.* Approximately six months after he began using these temporary seats, a seat shifted, and he fell to the concrete floor. *Id.* Mr. Cox alleges that he suffered injuries to his spine and back in the fall. *Id.* He asserts that Defendant's indifference to inmates' health and safety caused his injuries. *Id.* The Complaint seeks nominal, compensatory, and punitive damages. *Id.* at 5.

Plaintiff's Complaint[1] contained allegations against Michael Heredia, German Franco, and James Kaczmarek. *See Doc. 5.* However, on July 7, 2009, this Court issued a Memorandum Opinion and Order dismissing Mr. Cox' claims against Defendants Heredia and Franco. *Doc. 7.* Thus, his claims remain only against Defendant Kaczmarek.

Defendant Kaczmarek (hereinafter "Defendant") has filed an Answer, a *Martinez* Report, and a Motion to Dismiss denying the Complaint's allegations and raising several affirmative defenses, including failure to state a claim pursuant to FED. R. CIV. P. 12(b)(6), qualified immunity, and failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a). *See Docs. 17, 22 & 23*.

For the reasons stated herein, the Court agrees with Defendant that Mr. Cox has

---

[1] Mr. Cox filed an Amended Complaint on May 26, 2010, following his response to Defendant's *Martinez* Report and Motion to Dismiss. *Doc. 26.* As will be discussed below, Mr. Cox did not seek permission from the Court to file an amended complaint, as required by FED. R. CIV. P. 15(a)(2). Since Mr. Cox is proceeding *pro se*, the Court will construe his Amended Complaint as a motion to file an amended complaint. As will be explained *infra*, that motion should be denied.

2

failed to state a claim upon which relief can be granted, and recommends his Complaint be dismissed with prejudice.

## STANDARD OF REVIEW

**I.     Treatment of *Martinez* Report and Motion to Dismiss:**

In Defendant's *Martinez* Report (*Doc. 23*) and Motion to Dismiss (*Doc. 22*), Defendant seeks dismissal of Mr. Cox' claims pursuant to FED. R. CIV. P. 12(b)(6) and asserts the affirmative defense of failure to exhaust available administrative remedies. *Docs. 22 & 23*. Typically, a court must determine whether a prisoner has exhausted his remedies pursuant to the Prison Litigation Reform Act before it may proceed to the merits of a plaintiff's claims. *Alloway v. Booher*, 128 F. App'x 705, 706 (10th Cir. 2005). However, "[u]nder certain circumstances, a district court may, notwithstanding failure to exhaust, proceed to the merits of the claim and dismiss with prejudice if it concludes a party would be unsuccessful even absent the exhaustion issue." *Fitzgerald v. Corr. Corp. of Am.*, 403 F.3d 1134, 1139 (10th Cir. 2005); *see also* 42 U.S.C. § 1997e(c)(2) ("In the event that a claim is, on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief, the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies"). Moreover, district courts have discretion to dismiss an *in forma pauperis* complaint under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a

claim on which relief may be granted." Courts employ the same standard for dismissal under § 1915(e)(2)(B)(ii) as that used for motions to dismiss pursuant to FED. R. CIV. P. 12(b)(6). *See Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

## II.     Dismissal For Failure to State a Claim:

In order to withstand a motion to dismiss made pursuant to FED. R. CIV. P. 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569 (2007). In other words, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original). The Tenth Circuit has stated that

> "plausibility" in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs "have not nudged their claims across the line from conceivable to plausible." The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.

*Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570) (internal citations omitted). The Supreme Court has recently expounded upon the meaning of *Twombly*:

> Two working principles underlie [the] decision in *Twombly*. First, the tenet

4

>that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009) (citation omitted). The Supreme Court has explained that "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 1950.

Because Plaintiff appears in this case *pro se*, the Court construes his pleadings and submissions liberally, holding them to a less stringent standard than is required of a party represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520-521 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In other words, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax

and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, it is not "the proper function of the district court to assume the role of advocate for the *pro se* litigant." *Id.*; *see also Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998).

## ANALYSIS

Here, because I find that Mr. Cox has failed to state a claim upon which relief can be granted, I decline to address whether his administrative remedies have been exhausted, and recommend his Complaint be dismissed as detailed below.

**I.    Failure to State a Claim**

Mr. Cox does not specify whether he is suing Defendant in his individual capacity, his official capacity, or both. Since Mr. Cox is proceeding *pro se*, the Court will assume he is suing Defendant in both his individual and official capacities and analyzes his claims below.

   *A.    Individual Capacity:*

Mr. Cox mentions Defendant only once in his Complaint. *Doc. 5*. Mr. Cox asserts that Defendant is "the principal SNMCF Maintenance Dep't. Director and/or Administrator responsible for all aspects of the safe and sound physical infrastructure of the SNMCF Buildings and Prisoner Housing Units." *Doc. 5 at 3*. Other than identifying Defendant in a supervisory role over facility maintenance, Mr. Cox does not allege any facts that link

Defendant to his Complaint that his chair was not repaired or the circumstances surrounding Mr. Cox falling off his chair. Elsewhere in his Complaint, Mr. Cox claims that he notified the unit officers and unit Manager, James Thomas, that his stool did not contain a seat cover, and that they assured him the seat would be repaired. *Doc. 5* at 7; *Doc. 26* at 1. However, Mr. Thomas and the unnamed unit officers are not parties to this suit, and Plaintiff provides no facts which establish (a) Defendant's personal knowledge about the broken seat, or (b) Defendant's failure to train the unit personnel.

It is well settled that "[i]ndividual liability under § 1983 must be based on personal involvement in the alleged constitutional violation." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (quotations and citation omitted). Supervisory status alone does not create § 1983 liability. *Id.* "[T]here must be an affirmative link between the constitutional deprivation and either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise." *Id.* (quotations and citation omitted); *see also Jenkins v. Wood*, 81 F.3d 988, 994-95 (10th Cir. 1996) ("[I]t is not enough for a plaintiff merely to show a defendant was in charge of other state actors who actually committed the violation . . . ."); *Johnson v. Martin*, 195 F.3d 1208, 1219 (10th Cir. 1999) ("[S]upervisor liability requires allegations of personal direction or of actual knowledge and acquiescence."). Moreover, "the plaintiff must establish a deliberate, intentional act by the supervisor to violate constitutional rights." *Wood*, 81 F.3d at 994.

Thus, even construing the allegations in the Complaint as true, Mr. Cox fails to state a claim upon which relief can be granted against Defendant in his individual capacity.

  B.  *Official Capacity*:

Suits against officers in their official capacities are suits against the entity of which the officer is an agent. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). Therefore, if Mr. Cox is suing Defendant in his official capacity, he must state a claim upon which relief could be granted against Defendant's governmental employer. A governmental municipality cannot be held liable for its officers' actions under § 1983 unless those actions were caused by a policy or custom of the municipality." *Novitsky v. City of Aurora*, 491 F.3d 1244, 1259 (10th Cir. 2007). Therefore, in order for Mr. Cox to state a claim against Defendant in his official capacity, he must allege facts that show his injuries were the result of a municipal "policy or custom." A policy is a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the entities' officers. *See Monell v. New York City Department of Social Services*, 436 U.S. 658, 690 (1978). A custom is a "persistent and widespread . . . practice[ ] of . . . officials." *Id.* at 691 (*quoting Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 167-168 (1970)); *see also Marshall v. Columbia Lea Reg'l Hosp.*, 345 F.3d 1157, 1177 (10th Cir. 2003) (A "'custom' . . . mean[s] an act that, although not formally approved by an appropriate decision maker, has such widespread practice as to have the force of law.").

Mr. Cox claims only that the unit officers delayed in repairing his stool seat cover. Such a claim fails to constitute a sufficient allegation of either a municipal policy or custom which could lead to governmental liability. *See City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985) (discussion of what constitutes a "policy" under § 1983 liability). Thus, Mr. Cox has failed to allege facts which state a claim for relief against Defendant in his official capacity.

## II.   Dismissal

Nonetheless, "[d]ismissal of a *pro se* complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Curley v. Perry*, 246 F .3d 1278, 1281-82 (10th Cir. 2001) (quoting *Perkins v. Kansas Dep't of Corrections*, 165 F. 3d 803, 806 (10th Cir. 1999)). Therefore, the Court must consider if it would be futile to give Mr. Cox the opportunity to amend.

Defendant's Motion to Dismiss clearly makes the argument that Mr. Cox has failed to allege sufficient personal participation by Defendant in the alleged deprivation. *Doc. 22, 23.* Subsequent to Defendant's Motion, Mr. Cox has filed two pleadings in which he had the opportunity to identify or augment his allegations against Defendant – (1) his Response to the Motion (*Doc. 25*), and (2) an Amended Complaint (*Doc. 26*). In his Response, Mr. Cox alleges that he alerted the following persons to the problems with his seat: Officer Mike

Padilla, Officer Henry Telles, Unit Manager James Thomas, Maintenance Supervisor Rick Sandoval, Deputy Warden German Flanco, and Warden Mike Heredia.  Nowhere does he claim that he alerted Defendant Kaczmarek to the problem.  Moreover, he does not allege that any of the individuals who were made aware of the problem informed Defendant Kaczmarek.  Therefore, even if Mr. Cox were permitted to add every factual allegation made in his Response to his Complaint, he would not state a claim against Defendant Kaczmarek.  As noted, Mr. Cox in fact attempted to amend his Complaint subsequent to the Motion to Dismiss.  The only additional factual allegation contained in the Amended Complaint is that Mr. Cox alerted Mr. Heredia, the warden, to the seat problem.  Again there is no allegation that Mr. Heredia in turn informed Defendant Kaczmarek about the issue.  Therefore, even if Mr. Cox were permitted to make this amendment, his Amended Complaint would not state a claim against Defendant Kaczmarek.

Given that even when put on notice of the requirement to make allegations which affirmatively connect Defendant Kaczmarek with the alleged constitutional violation, Mr. Cox has twice failed to do so, I conclude that it would be futile to give him further opportunity to amend his Complaint against Defendant.  Therefore, I recommend dismissing his Complaint with prejudice.

### III.   Motion to Amend

As discussed above, Mr. Cox filed an Amended Complaint on May 25, 2010.  *Doc.*

*26.* Under FED. R. CIV. P. 15, a party may amend its pleadings once as a matter of course before being served with a responsive pleading. "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). Here, Mr. Cox did not seek permission from the Court to file his Amended Complaint and there is no indication that Defendant consented to the Amended Complaint. Since Mr. Cox is proceeding *pro se*, I recommend construing the filing of the Amended Complaint as a motion seeking leave to file the Amended Complaint.

Under Rule 15, "[t]he court should freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a)(2). The grant or denial of a motion to amend is a matter within the discretion of the district court, but courts "generally refuse leave to amend only on 'a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.'" *Duncan v. Manager, Dept. of Safety, City and County of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005) (quotations omitted); *see also Bradley v. Val-Mejias*, 379 F.3d 892, 900 (10th Cir. 2004). An amendment is "futile" if the complaint, as amended, would be subject to dismissal. *Jefferson County Sch. Dist. v. Moody's Investor's Services*, 175 F.3d 848, 859 (10th Cir. 1999); *Bradley*, 379 F.3d at 901.

As discussed above, the additional fact contained in the Amended Complaint would not save the claim against Defendant Kaczmarek from dismissal. Thus, I recommend that

the filing of the Amended Complaint (*Doc. 26)* be construed as a motion seeking leave to amend the Complaint, and that it be denied.

**Wherefore,**

**IT IS HEREBY RECOMMENDED** that Plaintiff's Amended Complaint (*Doc. 26*), be construed as a motion seeking leave to file an amended complaint and that motion be denied on the basis of futility;

**IT IS FURTHER RECOMMENDED** that Defendant's Motion to Dismiss (*Doc. 22*) be granted and Plaintiff's Complaint be dismissed with prejudice for failure to state a claim upon which relief can be granted pursuant to 42 U.S.C. § 1997e(c)(2) and FED. R. CIV. P. 12(b)(6).

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1)(c). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE