IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROBERT COX,

      Plaintiff,

v.                                                                  No. CIV 09-0576 JB/GBW

MICHAEL HEREDIA, GERMAN FRANCO,
JAMES KACZMAREK,

      Defendants.

**ORDER ADOPTING THE MAGISTRATE JUDGE'S
PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**THIS MATTER** comes before the Court on the Magistrate Judge's Proposed Findings and Recommended Disposition, filed July 14, 2010 (Doc. 29)("PFRD").  The PFRD notified the parties of their ability to file objections and that failure to do so waives appellate review.  See PFRD at 12.  See also Casanova v. Ulibarri, 595 F.3d 1120, 1123 (10th Cir. 2010).  To date, Plaintiff Robert Cox has not filed any objections, and there is nothing in the record indicating that the proposed findings were not delivered.  The Court has reviewed the PFRD and agrees with the findings of the Honorable Gregory B. Wormuth, United States Magistrate Judge, that Cox's pleadings provide no facts which establish Defendant James Kaczmarek's personal knowledge about the broken stool in Cox's prison cell nor any allegations that Kaczmarek failed to train the unit personnel.  Kaczmarek is mentioned only once in Cox's Complaint -- he asserts that Kaczmarek is "the principal SNMCF Maintenance Dept-Director and/or Administrator responsible for all aspects of the safe and sound physical infrastructure of the SNMCF Buildings and Prisons Housing Unit."  Complaint at 3.  In his response to the motion to dismiss, Cox names other persons with knowledge of his broken stool

-- housing unit officers, Fire and Safety Officer Mike Padilla, Chief of Security Henry Telles, former Unit Manager James Thomas, and former Maintenance Supervisor Rick Sandoval; however, Cox does not contend that Kaczmarek had knowledge about his broken stool or was involved in the delay of the stool's repair.  See Plaintiff's Rebut to Defendant's Motion to Dismiss at 1-2, filed April 28, 2010 (Doc. 25).[1]  The United States Court of Appeals for the Tenth Circuit has emphasized that "[i]ndividual liability under § 1983 must be based on personal involvement in the alleged constitutional violation."  Fogarty v. Gallegos, 523 F.3d 1147, 1162 (10th Cir. 2008)(quotation omitted).  The Court agrees with Judge Wormuth's findings and therefore will adopt the PFRD.

**IT IS ORDERED** that: (i) the Magistrate Judge's Proposed Findings and Recommended Disposition (Doc. 29) is adopted; (ii) the Plaintiff's Amended Complaint (Doc. 26) is construed as a motion seeking leave to file an amended complaint and that motion is denied on the basis of

---

[1] Judge Wormuth ordered Kaczmarek to file a dispositive motion or a Martinez report with or without a dispositive motion.  See Order to File a Dispositive Motion or Martinez Report, filed January 7, 2010.  Under Martinez v. Aaron, 570 F.2d 317 (10th Cir. 1978), the court may order a defendant to investigate the incident or incidents underlying a plaintiff's lawsuit.  See id. at 320. "When the pro se plaintiff is a prisoner, a court-authorized investigation and report by prison officials (referred to as a Martinez report) is not only proper, but may be necessary to develop a record sufficient to ascertain whether there are any factual or legal bases for the prisoner's claims." Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991)(citing Martinez v. Aaron, 570 F.2d at 318-19; Gee v. Estes, 829 F.2d 1005, 1007 (10th Cir. 1987)).  Kaczmarek submitted a Martinez Report and Memorandum in Support of Defendant's Motion to Dismiss, filed March 25, 2010 (Doc. 23). Judge Wormuth correctly analyzed whether Cox's Complaint contained "enough facts to state a claim to relief that is plausible on its face," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 569 (2007), without considering matters outside of the pleadings, such as the Martinez Report, see Swoboda v. Dubach, 992 F.2d 286, 290 (10th Cir. 1993)("In determining whether a plaintiff has stated a claim, the district court may not look to the Martinez report, or any other pleading outside the complaint itself, to refute facts specifically pled by a plaintiff, or to resolve factual disputes."). Had Judge Wormuth decided to convert Kaczmarek's motion to dismiss into a motion for summary judgment, the Court notes that the Martinez Report includes the Affidavit of James Kaczmarek (executed March 16, 2010), filed March 25, 2010 (Doc. 23-1)("Kaczmarek Aff."), in which Kaczmarek attests that he was not aware that there was a floor-mounted stool missing a seat in Cox's cell or that Cox tried to get maintenance to give him a stool top for a period of eight months, see Kaczmarek Aff. ¶¶ 6-7, at 48.

futility; (iii) the Defendant's Motion to Dismiss (Doc. 22) is granted; and (iv) Plaintiff Robert Cox's Complaint is dismissed with prejudice, pursuant to 42 U.S.C. § 1997e(c)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim upon which the Court can grant relief.

_____
UNITED STATES DISTRICT JUDGE

*Counsel and parties*:

Robert Cox
Southern New Mexico Correctional Facility
Las Cruces, New Mexico

    *Plaintiff pro se*

Diana J. Harris
New Mexico Department of Corrections
Santa Fe, New Mexico

    *Attorney for the Defendants*